TIGERTON LUMBER COMPANY, Respondent, vs. HOLT
HARDWOOD COMPANY, Appellant.   [Five cases.]

*January 12—April 3, 1923.*

*Sales: Quality of goods: Inferior grades of lumber: Evidence:
Sufficiency: Offer for purpose of settlement: Refusal: Effect
after trial.*

1. In an action to recover the purchase price of hardwood lumber,
   defended on the ground of the breach of a provision in the
   contract that no No. 3 maple should be included in the ship-
   ments, the evidence is *held* to justify a verdict finding that
   the lumber did not contain a substantial amount of No. 3
   maple.
2. Where the seller, by corrected invoices, offered to omit a
   charge for the No. 3 lumber alleged to have been found in
   the shipment, which said offer was refused, it was not error,
   after a verdict of the jury that there was no substantial
   amount of such lumber, to charge the buyer the full contract
   price in the judgment, as the offer, made for the purpose of
   settlement, having been refused by the buyer, he must abide
   by the facts found upon trial.

APPEALS from judgments of the circuit court for Shaw-
ano county: E. W. CROSBY, Judge. *Affirmed.*

Actions upon five separate orders for lumber to recover
the purchase price thereof. The five actions were, by stipu-
lations of the parties, tried together, and the issue was as to
whether there had been a justifiable breach of the contracts
by the defendant, which refused to accept four carloads of
lumber shipped under one order on the ground that the
same contained a substantial amount of No. 3 maple. The
trial court found, and the finding is sustained by the evi-
dence, that prior to the shipment of the four cars the sepa-
rate orders had by agreement between the parties merged
into one contract, modified from the separate orders in this:
that instead of defendant taking what No. 3 developed in
the pile no No. 3 should be included in future shipments.
The main issue, therefore, was whether or not there was a
substantial amount of No. 3 maple in the four cars rejected

by the defendant. The jury by a special verdict found there was not, and the court made a similar finding before judgments were entered for plaintiff. The defendant appealed.

For the appellant there were briefs by *Classon & Whitcomb* of Oconto and *Fairchild, North, Parker & Bie* of Green Bay, and oral argument by *Allan V. Classon* and *Jerome R. North.*

For the respondent there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein.*

The following opinion was filed February 6, 1923:

VINJE, C. J. If the finding of the jury and the court that there was no substantial amount of No. 3 maple in the four cars shipped is sustained by the evidence, then the further findings made by the jury as to a local custom entering into the contract become immaterial. So, also, become the claims of the defendant that the No. 3 lumber was put in for the purpose of defrauding the defendant, and also the contention of the plaintiff that the breach, if one occurred, was so insubstantial that it did not justify the refusal to receive the 1,599,000 feet still due under the contract, or that the defendant by its laches was barred from claiming a breach.

The testimony as to whether there was any No. 3 maple in the four cars is so voluminous that it covers over 500 printed pages. To fairly digest it is out of the question, because it would serve no useful purpose even as a legal precedent on facts, because no other case would probably present the same or similar facts. We shall therefore have to content ourselves with stating the general nature of the testimony and the conclusion we have arrived at from a study of the whole case. The fact that no long opinion reciting the evidence is written does not indicate that the case has received but scant attention by the members of the court. On the contrary, each member has carefully studied

and considered the whole evidence with the result that we all concur in the conclusion that the verdict of the jury, and the finding to the same effect made by the trial court, find a sufficient support in the evidence. The substance of the testimony supporting the verdict and finding came from the witness Anderson, who was plaintiff's scaler and grader, and who testified in substance to the effect that no No. 3 maple was put into any of the four cars in question; that he personally supervised the shipment of each car, and measured and graded each piece of lumber put therein. He had been a lumber grader and inspector since 1898 and had inspected and graded all the lumber, amounting to over a million feet, shipped to the defendant previous to the four cars in question. It appears that as to the lumber previously shipped there had been no complaint with reference to either inspection or grading. Opposed to this testimony is the evidence of an inspection known as the Coman inspection, made some time after the cars had been received by the defendant and after some of the lumber therein had been unloaded and left standing on trucks in the defendant's yards. This inspection showed that eleven per cent. of the lumber contained in the four cars which were found to contain 82,066 feet was No. 3. A later inspection called the National inspection found the cars contained 81,696 feet, of which eight and six-tenths per cent. was No. 3. It is conceded by counsel for the plaintiff that if the quantity of No. 3 lumber found in the cars by either the Coman or the National inspections was actually there, it would constitute a substantial amount, and the case went to the jury on that theory. From all the evidence it seems fair to assume that any quantity over three per cent. of No. 3 lumber would be considered a substantial amount, so we must treat the case as though the jury, in answering "No" to the question "Was there a substantial amount of No. 3 lumber mixed with the No. 2 and better lumber in each of said four cars when they were loaded and shipped by the plaintiff?" found

that no more than three per cent. of No. 3 was contained in any of the cars. As tending to impeach the correctness of the Coman inspection, our attention is called to the fact that the man who made it was an employee of a company in which defendant's president was interested; that some of the lumber had been taken out of the cars, left uncovered in the yard, and had deteriorated; that the latter fact applies also to the National inspection, and that, since the sale was f. o. b. cars at Tigerton, Anderson's grading is the only one that meets the required proof. It seems to be conceded that at the time of the alleged breach prices of lumber were falling; that, as defendant's manager said, "The bottom had been knocked out of the lumber market." This fact is urged upon us as a reason why the defendant sought to breach the contract, and why the inspections referred to are not entitled to the same credit and weight they otherwise would be entitled to. No doubt these arguments were also made to the jury. It is also apparent from the correspondence in the case and the other testimony that the plaintiff always stood ready and willing to furnish the lumber which the defendant claimed it was entitled to, and that if any No. 3 was contained in the four cars no charge would be made for the same, and it appears that corrected invoices were mailed to the defendant omitting any charge for the No. 3 as found by the National inspection. We venture no expression of opinion as to how some of these facts may have influenced the jury in arriving at its verdict. All we can say is that under all the evidence in the case the jury had a right to believe the testimony of Anderson and to disbelieve the testimony relative to the Coman and National inspections. It should be said, however, as to the latter that the plaintiff's attorneys do not question the honesty or disinterestedness of the man who made it, but they claim that owing to the length of time that had elapsed between the time when Anderson inspected and graded the

Tigerton Lumber Co. v. Holt Hardwood Co. 180 Wis. 197.

lumber and when the National inspector graded it, and owing to the claimed exposure of part of the lumber, a claim of its incorrectness might well exist without attacking the integrity of the inspector.

When we bear in mind the fact that the grading of lumber, at least in so far as the dividing line between a No. 2 and a No. 3 board is concerned, is a matter of judgment as to each board graded, it is not strange that there should be a variance between two gradings made at different times and under somewhat different conditions. We find nothing in the evidence beyond the two inspections mentioned to cast any doubt upon the honesty or correctness of Mr. Anderson's grading. The jury must have believed his testimony and must have more or less, for reasons known to themselves, discredited the testimony relating to the other two inspections. In so doing we cannot say that they went beyond the field wherein the judgment of the jury is controlling. It follows from all that has been said that the verdict cannot be disturbed.

We have spoken of the finding to the same effect made by the trial court not because we deem such finding was necessary or proper, since the issue was passed upon by the jury, but merely to indicate that not only was the verdict satisfactory to the trial court but that it, to emphasize the matter, made an identical finding of its own.

Some claim is made by defendant's attorney that since the plaintiff sent corrected invoices omitting a charge for the No. 3 lumber found in the cars by the National inspection, it was therefore error to include the contract price of such lumber in the judgments. There are two answers to this contention: First, as the case now stands, it is a verity that there was no substantial amount of the No. 3 lumber in the four cars; and second, the offer was made for the purpose of a settlement, which was refused by the defendant, and upon its refusal and the facts being found against

it, it must abide by the facts so found, and cannot claim the advantage of a concession made by the other side for the purpose of making a settlement.

*By the Court.*—Judgments affirmed.

A motion for a rehearing was denied, with one taxation of $25 costs, on April 3, 1923.